**FILED**
**U.S. District Court**
**District of Kansas**
04/14/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

GAVINO MACIAS,

      **Plaintiff,**

      v.                      **CASE NO. 26-3035-JWL**

DAVID HAEHL, et al.,

      **Defendants.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff Gavino Macias is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. Plaintiff should also indicate if he is seeking a stay of this case pending resolution of his state court proceedings.

**I. Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). The Court grants Plaintiff's motion for leave to proceed in forma pauperis.

Plaintiff alleges in his Amended Complaint that he is being denied court access based on the seizure of legal mail regarding his state criminal proceedings. (Doc. 4, at 2.) Plaintiff alleges that his outgoing legal mail to his attorney and to the clerk of the District Court of Miami County, Kansas, was seized by Defendants because they recognized Pat Lynn's handwriting on the mail. *Id.* Plaintiff alleges that Defendants failed to ascertain whether the addresses were for Plaintiff's attorney and the court clerk and failed to determine whether there was a K.S.A. 22-3210 proceeding pending with Mr. Lowry serving as Plaintiff's attorney. *Id.* at 3. Plaintiff alleges that on February 6, 2026, Pat Lynn (Plaintiff's cellmate) was served with two seizure notices for mail

1

sent to him by clerk Stephanie Gerken and attorney Forest Lowery. *Id*.

Plaintiff claims that Defendants' actions are criminal under 18 U.S.C. §§ 241 and 242 "& other offenses & must be prosecuted." *Id*. Plaintiff claims that this deserves investigation by the FBI, the U.S. Attorney's Office, the appointment of a special master, and class action certification. *Id*. Plaintiff claims that K.S.A. 44-12-702 entitles him to obtain the services of his cellmate—Mr. Lynn.[1] *Id*. at 3–4.

Plaintiff acknowledges that he contacted his defense attorney (through his mother) to have his attorney seek injunctive and mandamus relief and protective orders in his state criminal case. *Id*. at 4. He claims he has only spoken to his attorney once by phone, he is not receiving copies of pleadings in his state criminal case, and his attorney has committed malpractice and colluded/conspired with Defendants. *Id*. at 5. Plaintiff alleges that the state court judge presiding over his criminal Case No. 24-CR-0147 in Miami County District Court should recuse, and the district attorney should disqualify himself and his office. *Id*. at 6.

As Count I, Plaintiff alleges that the LCF and KDOC defendants have violated his constitutional rights by seizing and opening his mail, by refusing to mail out Plaintiff's legal mail, and by violating his legal rights under K.A.R. 44-12-702. *Id*. at 8. Plaintiff also claims that these defendants have violated criminal laws. *Id*. For his supporting facts, Plaintiff refers the Court to

---

[1] The regulation provides that "[i]n accordance with applicable rules of the facility, an inmate may give, but shall not charge for, assistance in legal matters to another inmate if the assistance is requested by the other inmate. Violation of this regulation shall be a class II offense." K.A.R. 44-12-702. The allegation that a state regulation has been violated does not state a constitutional violation. *See D.L. v. United Sch. Dist. No. 497*, 596 F.3d 768, 776 (10th Cir. 2010) (finding that "Plaintiffs' citations to Kansas case law to support their claim . . . is unavailing, as § 1983 affords a remedy for violations of federal law and does not 'provide a basis for redressing violations of state law.' ") (citation omitted). The Tenth Circuit has held that an inmate has no constitutional right to work as a jailhouse lawyer. *Brooks v. Colorado Dep't of Corr.*, 762 F. App'x 551, 559 (10th Cir. 2019) (unpublished) (*citing Smith v. Maschner*, 899 F.2d 940, 950 (10th Cir. 1990); *cf.* Shaw v. Murphy, 532 U.S. 223, 231, 121 S.Ct. 1475, 149 L.Ed.2d 420 (2001) (declining "to cloak the provision of legal assistance [by prisoners] with any First Amendment protection above and beyond the protection normally accorded prisoners' speech" because "it is indisputable that inmate law clerks are sometimes a menace to prison discipline" (internal quotations omitted)).

his attached Exhibits 1 through 3.[2]  *Id.*

As Count II, Plaintiff alleges that Defendants Lowry, Harth, Harding, Morrison, and Dersch violated his 6th and 14th Amendment rights, violated state statutes and rules, and conspired to deprive Plaintiff of his right to redress under K.S.A. 22-3210(d)(1).  *Id.*  For his supporting facts, Plaintiff again refers the Court to his Exhibits 1 through 3.  *Id.*

As Count III, Plaintiff alleges that various Defendants have violated his right to receive personal mail from family members without just cause or explanation.  *Id.* at 9.  Plaintiff believes that his personal mail from his mother and cousin that includes copies of responses and orders in his state criminal case, has been unlawfully seized to prevent him from filing pro se rebuttals.  *Id.* at 6.

The Exhibits that Plaintiff refers to for his factual support include his Petition for Writ of Habeas Corpus filed on February 19, 2026, in the District Court of Leavenworth County, Kansas, in Case No. 26-CV-069.  (Doc. 5, at 2–19.)  Plaintiff also attaches two "Notice and Protest of Mail Withholding" from LCF addressing the withholding of mail on February 6, 2026, from Stephanie Gerken and on the same date from Forest Lowry.  *Id.* at 20–21.  The Notices indicate that the mail was withheld due to "Third-party communication – sending out legal mail for other residents."  *Id.* He also attaches his grievance regarding mail from his family members.  *Id.* at 23.

Plaintiff names thirty defendants in his Amended Complaint.  Plaintiff names as defendants:  David Haehl, Acting Special Agent Supervisor of EAI at LCF; Michael Segretto, Mailroom Supervisor at LCF; Jennifer Crouse, Mailroom Staff at LCF; Nicholas Ball, Deputy Warden of Operations at LCF; Veronica Waters, Staff Attorney at LCF; Gloria Geither, LCF Warden; the Kansas Department of Corrections ("KDOC"); Jeff Zmuda, KDOC Secretary of

---

[2]  Plaintiff failed to attach the exhibits to his Amended Complaint, but filed them later as Doc. 5.

Corrections; the State of Kansas; Andre Sandridge, EAI at LCF; Daniel Bryan, EAI at LCF; Christopher Tomlinson, EAI at LCF; (fnu) West, EAI at LCF; (fnu) (lnu) EAI Male Agent, LCF; Laura Kelly, Governor of Kansas; Todd Thompson, Leavenworth County District Attorney; (fnu) Dedeke, Leavenworth County Sheriff; Joan Lowdon, Leavenworth County Chief Judge; (fnu) (lnu) (2) KDOC Chief Counsel and Other Attorneys; Ryan Reece, LCF Deputy Warden; Kimberly Betzhold, LCF Deputy Warden; (fnu) (lnu) (3), Mail Censor, KDOC; Paul Morrison, Attorney; Veronica Dersch, Attorney; Forest Lowery, Former Attorney; Kenton Harding, Miami County District Attorney; and Amy Harth, Miami County Chief Attorney. Plaintiff seeks declaratory relief, injunctive relief, issuance of a protective order, appointment of counsel, compensatory damages, and punitive damages. *Id*. at 10.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2); *see also* 28 U.S.C. § 1915(e)(2)(B) (where a plaintiff proceeds in forma pauperis the Court is required to "dismiss the case at any time if the court determines that—. . . (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.").

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)

(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face."  *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v.*

*Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### 1.  Preparation of Pleadings by Patrick Lynn

Plaintiff's pleadings in this case were drafted by fellow inmate Patrick Lynn.  On multiple occasions in his own cases, Mr. Lynn has been made aware of the same deficiencies reflected in Plaintiff's Amended Complaint.  *See, e.g., Lynn v. Anderson-Verella*, 257 F. App'x 80, 87 (10th Cir. 2007) (unpublished) (finding that under *Younger* abstention doctrine district court should abstain where state court proceedings are ongoing, and judicial immunity applied to claim for money damages against state court judge); *Lynn v. Kunen*, 1998 WL 732804, at *1 (10th Cir. 1998) (finding that Lynn presented no indication of improper extrajudicial bias or prejudice that would warrant district judge's recusal, and state public defender involved in criminal proceedings did not act under color of state law and thus was not susceptible to a claim under § 1983); *Lynn v. Willnauer*, 2022 WL 3027013, at *7, n.28 (D. Kan. 2022) (denying request for a referral to the U.S. Attorney's Office for investigation and presentation to a grand jury "for the same reasons set

forth in denying Plaintiff's previous requests for this same relief") (citing *see* M&O, Doc. 45, at 41–42 ("Plaintiff has raised similar requests in prior cases and has been informed that he is not entitled to this relief") (citing *Lynn v. Cline*, Case No. 19-3003-CM (D. Kan. May 7, 2019) (Doc. 15, at 13–14))); *Lynn v. Willnauer*, 2021 WL 1390384, at \*17 (D. Kan. 2021) ("Governor Kelly also enjoys Eleventh Amendment immunity."); and *Lynn v. Cline*, 2019 WL 2005904, at \*7 (D. Kan. 2019) ("The State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment."). Likewise, Mr. Lynn has been advised on many occasions that a § 1983 plaintiff does not have a cause of action under 18 U.S.C. §§ 241 and 242. *See, e.g., Lynn v. Roberts*, 2008 WL 5411067, at n.3 (D. Kan. 2008) ("Neither 18 U.S.C. § 241 nor 18 U.S.C. § 242 constitutes a legal basis for plaintiff's claims herein. Both Sections 241 and 242 provide criminal penalties for certain deprivations of civil rights, and neither gives rise to a private, civil cause of action.").

Mr. Lynn's prior filings have subjected him to filing restrictions in this Court. *See Lynn v. Lundry*, Case No. 20-3116-EFM, Doc. 29 (D. Kan. June 29, 2020). The order imposing filing restrictions places restrictions on filing new actions and also provides that "[w]ith the exception of a proper motion for relief from an order under Fed. R. Civ. P. 60, the Clerk shall not accept or file any pro se submissions, filings, pleadings, or other documents by Lynn or on his behalf, regardless of the payment of a filing fee, without the express authorization of a judge of this Court." *Id.* at 7. Plaintiff appealed the order imposing filing restrictions, and the Tenth Circuit Court of Appeals dismissed the appeal for failure to prosecute on November 18, 2020. *See Lynn v. Lundry*, 2020 WL 10618702 (10th Cir. Nov. 18, 2020), *cert. denied* 142 S. Ct. 355 (2021). In *Lynn v. Roberts*, this Court held that:

> Plaintiff's abusive litigation practices have not been limited to the federal courts. A review of the electronic case management system

7

> for the District of Kansas shows that this is one of 23 cases filed in this district in which plaintiff has appeared as a party or otherwise moved to intervene.[] Additionally, it appears that plaintiff has pursued a number of cases in the state system, and has likewise engaged in abusive litigation practices in that forum. *See State ex rel. Stovall v. Lynn,* 26 Kan.App.2d 79, 79–80, 975 P.2d 813, 814 (1999). In fact, a review of the cases catalogued in *Stovall* suggests that plaintiff sued a number of the same defendants in both the state and federal system. *Compare id.* (identifying defendants in plaintiff's state cases) *with supra* note 3 (listing defendants in plaintiff's federal cases). In upholding filing restrictions placed on plaintiff by the state district court, the Kansas Court of Appeals found that plaintiff was "using the suits as a means to attempt to harass the victim, witnesses, police investigators, judges, and others involved in his case." *Stovall,* 26 Kan.App.2d at 82, 975 P.2d at 815. Similarly, in his appeal of the state case that led the court to question its subject matter jurisdiction to hear this case (Doc. 116), the Kansas Court of Appeals noted that "the record is replete with Lynn's unjustified and often outrageous accusations, obscenities, profane language, and implied threats of bodily harm to judicial officers." *Lynn v. Martin,* 2003 WL 22990140, *2 (Kan. Ct. App. Dec. 19, 2003).

*Lynn v. Roberts*, 2006 WL 2850273, at *4 (D. Kan. 2006) (footnote omitted).

Another court in this Circuit has issued "a permanent injunction prohibiting [an inmate] from assisting other inmates or any other person with legal matters of any kind in [the] District unless he graduates from a school of law and is licensed to practice law." *Unites States v. Melot*, 2013 WL 11328451, at *4 (D. N.M. 2013). In another case, the court warned the pro se inmate regarding filing restrictions and stated that:

> Sharp is finally warned that as a *pro se* party, he is not permitted to represent other detainees in their suits against the Court. As the Tenth Circuit explained, "the competence of a layman is clearly too limited to allow him to risk the rights of others." *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (quotations omitted).
>
> Sharp must stop filing complaints on behalf of other inmates. Sharp is finally notified that if he continues to file frivolous complaints on behalf of himself or others, the Court may modify the above restrictions in the coming months to impose a blanket ban on his *pro*

> *se* filings. The Court will issue separate notice with respect to any
> heightened restrictions, but such warning is included in this ruling
> to indicate where Sharp is headed, if he continues his abusive tactics.

*Sharp v. New Mexico*, 2021 WL 4150418, at *4 (D. N.M. 2021); *see also id*. at 2021 WL 4820736,

at *5 ("Sharp has also been warned that he cannot represent other detainees.  If he continues to

draft complaints on behalf of other parties and/or violate this Order, the Court may assess a fine

for each violation and coordinate with the United States Marshall to collect that fine from his

inmate account.") (citing *United States v. Akers,* 740 Fed. App'x 633, 635 (10th Cir. 2018)

(affirming $500 fine for each frivolous filing)); *see also Joseph v. U.S. Public Defenders Office*,

2021 WL 4691256, at *4 (D. N.M. 2021) ("If Joseph continues prosecuting actions for other

inmates, the Court may intervene on that issue.  The Court may also impose a blanket filing

restriction on Joseph if he continues to file frivolous claims.").

If Patrick Lynn continues to file pleadings for other inmates that include the same frivolous

and abusive filings that warranted his filing restrictions, the Court may find it necessary to clarify

that his filing restrictions apply to all pleadings he submits to this Court, including pleadings

drafted for other inmates.  The Court will direct the Clerk to provide Patrick Lynn with a copy of

this Memorandum and Order to Show Cause.

The Court advises Plaintiff that he is responsible for the contents of the documents that he

signs.  Rule 11 of the Federal Rules of Civil Procedure provides that:

> (b) **Representations to the Court.**  By presenting to the court a
> pleading, written notice, or other paper—whether by signing, filing,
> submitting, or later advocating it—an attorney or unrepresented
> party certifies that to the best of the person's knowledge,
> information, and belief, formed after an inquiry reasonable under the
> circumstances:
>> (1) it is not being presented for any improper purpose, such
> as to harass, cause unnecessary delay, or needlessly increase the cost
> of litigation;
>> (2) the claims, defenses, and other legal contentions are

9

> warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Rule 11(c) provides for the imposition of sanctions based on Rule 11 violations.  *See* Fed. R. Civ. P. 11(c).

### 2. Younger Abstention

The Court may be prohibited from hearing Plaintiff's claims under *Younger v. Harris*, 401 U.S. 37, 45 (1971).  "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

An online Kansas District Court Records Search shows that Plaintiff's state criminal proceedings are ongoing.  *See State v. Macias*, Case No. MI-2024-CR-000147 (District Court of Miami County, Kansas).  On April 30, 2025, the state court entered a Sentencing Journal based on Plaintiff's guilty plea and sentenced Plaintiff to 123 months of incarceration with 36 months of postrelease supervision.  *Id*.  On December 31, 2025, Plaintiff filed a motion to withdraw guilty

plea.  *Id*.  The motion is drafted by Patrick Lynn, contains attacks on Plaintiff's state court defense counsel, and questions the judge's impartiality.  *Id*.  Plaintiff—through Lynn—has filed multiple motions, including a motion for disqualification of the entire District Attorney's Office.  *Id*.  On April 13, 2026, the state court entered an order continuing the status conference in the case to allow new counsel to be appointed for Plaintiff.  *Id*.

Plaintiff also filed a state habeas action on February 19, 2026.  *See Macias v. Haehl*, Case No. LV-2026-CV-000069 (District Court of Leavenworth County, Kansas).  In fact, the petition Plaintiff filed in that state case is attached to his Amended Complaint as factual support for his claims in this case.  The case remains pending with a hearing scheduled for April 16, 2026.  *Id*.

Therefore, it appears that the first and second conditions for *Younger* abstention would be met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts.  *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44).   Likewise, the third condition would be met because Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies.  *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating

11

constitutional rights).

"[T]he *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004); *see also Garza v. Burnett*, 672 F.3d 1217, 1220 (10th Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 393 (2007)); *Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989) (directing district court to stay claim for damages). Plaintiff should show good cause why this Court should not abstain from hearing this case based on *Younger*. Plaintiff should also indicate whether or not he is seeking a stay of this case pending resolution of his state court proceedings.

### 3. Motion for Orders

Plaintiff has filed a motion asking the Court to order the Defendants to provide his six-month account statement to support his motion for leave to proceed in forma pauperis or to extend Plaintiff's deadline to provide the account statement. (Doc. 6.) The Court is aware of the delays in obtaining an account statement following the KDOC's implementation of a new system. Because the Court is granting Plaintiff's motion for leave to proceed in forma pauperis, the motion is denied as moot.

## IV. Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Plaintiff should also indicate if he is seeking a stay of this case pending resolution of his state court proceedings. Failure to respond by the deadline may result in dismissal of this matter without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 2) is **granted.** Notwithstanding this grant of leave, Plaintiff is required to pay the

full amount of the filing fee and is hereby assessed $350.00. Plaintiff is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of Plaintiff shall forward payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C. § 1915(b)(2). The Clerk is to transmit a copy of this order to Plaintiff, to the finance office at the institution where Plaintiff is currently confined, and to the Court's finance office.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Orders (Doc. 6) is **denied as moot.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **May 14, 2026,** in which to show good cause, in writing to the undersigned, why Plaintiff's Amended Complaint should not be dismissed or stayed for the reasons stated herein.

**IT IS FURTHER ORDERED** that the Clerk is directed to provide Patrick Lynn with a copy of this Memorandum and Order to Show Cause.

**IT IS SO ORDERED**.

**Dated April 14, 2026, in Kansas City, Kansas.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**