**FILED**
**U.S. District Court**
**District of Kansas**
05/29/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

GAVINO MACIAS,

      **Plaintiff,**

      v.                        **CASE NO.  26-3035-JWL**

DAVID HAEHL, et al.,

      **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas ("LCF").  The Court granted Plaintiff leave to proceed in forma pauperis.  On April 14, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 7) ("MOSC") granting Plaintiff until May 14, 2026, in which to show good cause why Plaintiff's Amended Complaint should not be dismissed or stayed.  This matter is before the Court on Plaintiff's responses (Docs. 8, 9).  The Court's screening standards are set forth in detail in the MOSC.

Plaintiff's factual allegations in his Amended Complaint are set forth in detail in the MOSC.  In summary, Plaintiff alleges in his Amended Complaint that he is being denied court access based on the seizure of legal mail regarding his state criminal proceedings.  (Doc. 4, at 2.)  Plaintiff alleges that his outgoing legal mail to his attorney and to the clerk of the District Court of Miami County, Kansas, was seized by Defendants because they recognized Pat Lynn's handwriting on the mail.  *Id*.  Plaintiff also believes that his personal mail from his mother and cousin that includes copies of responses and orders in his state criminal case, has been unlawfully seized to prevent him from filing pro se rebuttals.  *Id*. at 6.  Plaintiff also makes claims regarding his state court criminal proceedings and his defense attorney.

1

Plaintiff refers the Court to his attached Exhibits 1 through 3 as support for his claims.[1]  *Id.* at 8.  The Exhibits that Plaintiff refers to for his factual support include his Petition for Writ of Habeas Corpus filed on February 19, 2026, in the District Court of Leavenworth County, Kansas, in Case No. 26-CV-069.  (Doc. 5, at 2–19.)  Plaintiff also attaches two "Notice and Protest of Mail Withholding" from LCF addressing the withholding of mail on February 6, 2026, from Stephanie Gerken and on the same date from Forest Lowry.  *Id.* at 20–21.  The Notices indicate that the mail was withheld due to "Third-party communication – sending out legal mail for other residents."  *Id.* He also attaches his grievance regarding mail from his family members.  *Id.* at 23.

Plaintiff names thirty defendants in his Amended Complaint, including LCF staff, the Kansas Department of Corrections ("KDOC") Secretary of Corrections, the KDOC, the State of Kansas, Governor Laura Kelly, the state court prosecutors, a state court judge, the Leavenworth County Sheriff, "KDOC Chief Counsel and Other Attorneys," and Plaintiff's former defense attorney.  Plaintiff seeks declaratory relief, injunctive relief, issuance of a protective order, appointment of counsel, compensatory damages, and punitive damages.  *Id.* at 10.

The Court ordered Plaintiff to show good cause why this Court should not abstain from hearing this case based on *Younger*.  "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues."  *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, Younger abstention is non-discretionary and, absent

---

[1]  Plaintiff failed to attach the exhibits to his Amended Complaint, but filed them later as Doc. 5.

extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

An online Kansas District Court Records Search shows that Plaintiff's state criminal proceedings are ongoing. *See State v. Macias*, Case No. MI-2024-CR-000147 (District Court of Miami County, Kansas). On April 30, 2025, the state court entered a Sentencing Journal based on Plaintiff's guilty plea and sentenced Plaintiff to 123 months of incarceration with 36 months of postrelease supervision. *Id*. On December 31, 2025, Plaintiff filed a motion to withdraw guilty plea. *Id*. The motion is drafted by Patrick Lynn, contains attacks on Plaintiff's state court defense counsel, and questions the judge's impartiality. *Id*. Plaintiff—through Lynn—has filed multiple motions, including a motion for disqualification of the entire District Attorney's Office. *Id*. On April 13, 2026, the state court entered an order continuing the status conference in the case to allow new counsel to be appointed for Plaintiff. *Id*. On May 1, 2026, the state court entered an order appointing Kristen B. Patty to represent Plaintiff. *Id*. On May 12, 2026, the state court entered an order appointing Joshua David Seiden to represent Plaintiff. *Id*. On May 14, 2026, Plaintiff filed "Defendant's Pro Se Verified Ex Parte Notice of Newly App'd Atty. Kristin Patty's Discharge and Appointment of Replacement Conflict Free Counsel" drafted by Patrick Lynn. *Id*. The motion addresses the issues with Plaintiff's legal mail at LCF. *Id*.

Plaintiff also filed a state habeas action on February 19, 2026. *See Macias v. Haehl*, Case No. LV-2026-CV-000069 (District Court of Leavenworth County, Kansas). In fact, the petition Plaintiff filed in that state case is attached to his Amended Complaint as factual support for his claims in this case. A Journal Entry and Order of Dismissal was entered on April 22, 2026. *Id*. Plaintiff filed a motion to reinstate (drafted by Lynn) that was denied on May 11, 2026. *Id*.

3

The Journal Entry and Order of Dismissal states that:

> Macias is an inmate at Lansing Correctional Facility (LCF). He also happens to share a cell with inmate Patrick Lynn, who is notorious for filing frivolous lawsuits and is the subject of a statewide filing injunction. *See Stovall v. Lynn*, 26 Kan. App. 2d 79 (1999). It appears that Lynn has magnanimously volunteered his time to help Macias draft certain legal documents to include Macias' pleadings in the present case. According to Macias, Lynn has "freely and enthusiastically assisted me." (Verified Pet., at 4.)
>
> On behalf of Macias, Lynn drafted two letters: One to Macias' attorney, Forest Lowery, who represents Macias in Macias' criminal case in Miami County; and one to the Miami County District Court Clerk, Stephanie Gerken. (Verified Pet., at 4.) Lynn also completed envelopes for each letter, one addressed to Mr. Lowery and one to Ms. Gerken. Macias was identified as the sender on each envelope. Lynn's name did not appear anywhere on either envelope. Nonetheless, on February 6, 2026, upon recognizing Lynn's distinctive handwriting on the envelopes, prison officials seized, opened and inspected both letters. *Id.*
>
> Lynn, not Marcias [sic], then received two separate Notice and Protest of Mail Withholding forms, one for each letter seized. These notices disclosed that officials seized and inspected the letters due to concerns that Lynn was "sending out legal mail for other residents."

*Macias v. Haehl*, Case No. LV-2026-CV-000069, Journal Entry and Order of Dismissal (District Court of Leavenworth County, Kansas, April 22, 2026). The state court found that although K.A.R. 44-12-702 codifies the right to receive legal assistance from fellow inmates, it states: "*In accordance with applicable rules of the facility*, an inmate may give, but shall not charge for, assistance in legal matters to another inmate if the assistance is requested by the other inmate." *Id.* (citing K.A.R. 44-12-702 (Emphasis supplied)). The court also found that "pursuant to this grant of authority to further regulate this issue, the warden at Lansing Correctional Facility (LCF) issued General Order (G.O.) 05-109 that sets forth the correct procedure an inmate must follow before receiving legal assistance from another inmate." *Id.* (citing G.O. 05-109.I.C.). The court found that without proof that Macias had received permission from his Unit Team, the court could not

find that he had complied with G.O. 05-109. *Id*. The court held that:

> Rather, Lynn was simply volunteering his time to help his cellmate. However, G.O. 05-109 contains no exception for cellmates. Both Macias and Lynn were required to obtain approval prior to Lynn providing legal assistance, which neither did.
>
> Consequently, Macias did not properly invoke his right to assistance. And, therefore, when officials observed two pieces of legal mail purportedly mailed by Macias but filled out with Lynn's distinctive handwriting, they were quite justified in seizing them. Had Macias been approved to receive legal assistance from Lynn, and had the letters still been seized, then perhaps the outcome would be different. But that's not what happened here.
>
> In all future filings in this jurisdiction, the Court is ordering Macias to cease and desist from having Patrick Lynn draft any of his pleadings. The Court will henceforth summarily deny all pleadings it determines were drafted by Mr. Lynn. If Macias really needs legal assistance, he can coordinate with his Unit Team to locate another suitable inmate.

*Id*.

The state court also found that Plaintiff failed to state a court access claim. *Id*. The court found that Plaintiff failed to show an actual injury as required by *Lewis v. Casey*, 518 U.S. 343, 351–52, 116 S. Ct. 2174 (1996), because he failed to allege that he suffered any negative consequences in his state court criminal case resulting from the seizure of the two letters. *Id*. (finding that "[i]n fact, the possibility of harm was made more remote since Macias had legal counsel in that criminal case.") The court held that without any harm, Plaintiff cannot show a constitutional violation. *Id*. The court also found that "the letters seized no longer satisfy the definition of 'legal mail,' which is limited to 'letters between the *resident* and any lawyer, a judge, a clerk of court ….'" *Id*. (citing IMPP 12-139D (Emphasis supplied)). The court held that because the letters were not legal mail, they were not entitled to the heightened protections afforded legal mail. The court then denied Plaintiff's motion to reinstate, because it was drafted by Lynn in defiance of the court's previous order that Plaintiff cease and desist from utilizing Lynn to draft

his legal pleadings.

This Court noted in the MOSC that Patrick Lynn is also subject to filing restrictions in this

Court.  The Court stated that:

> Plaintiff's pleadings in this case were drafted by fellow inmate Patrick Lynn.  On multiple occasions in his own cases, Mr. Lynn has been made aware of the same deficiencies reflected in Plaintiff's Amended Complaint.  *See, e.g., Lynn v. Anderson-Verella*, 257 F. App'x 80, 87 (10th Cir. 2007) (unpublished) (finding that under *Younger* abstention doctrine district court should abstain where state court proceedings are ongoing, and judicial immunity applied to claim for money damages against state court judge); *Lynn v. Kunen*, 1998 WL 732804, at *1 (10th Cir. 1998) (finding that Lynn presented no indication of improper extrajudicial bias or prejudice that would warrant district judge's recusal, and state public defender involved in criminal proceedings did not act under color of state law and thus was not susceptible to a claim under § 1983); *Lynn v. Willnauer*, 2022 WL 3027013, at *7, n.28 (D. Kan. 2022) (denying request for a referral to the U.S. Attorney's Office for investigation and presentation to a grand jury "for the same reasons set forth in denying Plaintiff's previous requests for this same relief") (citing *see* M&O, Doc. 45, at 41–42 ("Plaintiff has raised similar requests in prior cases and has been informed that he is not entitled to this relief") (citing *Lynn v. Cline*, Case No. 19-3003-CM (D. Kan. May 7, 2019) (Doc. 15, at 13–14))); *Lynn v. Willnauer*, 2021 WL 1390384, at *17 (D. Kan. 2021) ("Governor Kelly also enjoys Eleventh Amendment immunity."); and *Lynn v. Cline*, 2019 WL 2005904, at *7 (D. Kan. 2019) ("The State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment."). Likewise, Mr. Lynn has been advised on many occasions that a § 1983 plaintiff does not have a cause of action under 18 U.S.C. §§ 241 and 242. *See, e.g., Lynn v. Roberts*, 2008 WL 5411067, at n.3 (D. Kan. 2008) ("Neither 18 U.S.C. § 241 nor 18 U.S.C. § 242 constitutes a legal basis for plaintiff's claims herein. Both Sections 241 and 242 provide criminal penalties for certain deprivations of civil rights, and neither gives rise to a private, civil cause of action.").
>
> Mr. Lynn's prior filings have subjected him to filing restrictions in this Court. *See Lynn v. Lundry*, Case No. 20-3116-EFM, Doc. 29 (D. Kan. June 29, 2020).  The order imposing filing restrictions places restrictions on filing new actions and also provides that "[w]ith the exception of a proper motion for relief from an order under Fed. R. Civ. P. 60, the Clerk shall not accept or file any pro se submissions, filings, pleadings, or other documents by

Lynn or on his behalf, regardless of the payment of a filing fee, without the express authorization of a judge of this Court." *Id.* at 7. Plaintiff appealed the order imposing filing restrictions, and the Tenth Circuit Court of Appeals dismissed the appeal for failure to prosecute on November 18, 2020. *See Lynn v. Lundry*, 2020 WL 10618702 (10th Cir. Nov. 18, 2020), *cert. denied* 142 S. Ct. 355 (2021).

(Doc. 7, at 6–7.)  The Court held that "[i]f Patrick Lynn continues to file pleadings for other inmates that include the same frivolous and abusive filings that warranted his filing restrictions, the Court may find it necessary to clarify that his filing restrictions apply to all pleadings he submits to this Court, including pleadings drafted for other inmates." *Id*. at 9.  The Court directed the Clerk to provide Patrick Lynn with a copy of the MOSC.  *Id*.

In response to the Court's MOSC, Plaintiff filed a motion (drafted by Lynn) seeking appointment of counsel and "Submission of Additional Relevant & Admissible Documents Supporting First Verified Amended Complaint" (Doc. 8), and "Plaintiff's Additional Supporting Evidence of Ongoing Intentional 1st, 4th, 6th Amendment Violations with Request for Intervention" (Doc. 9).  The motion continues to allege that Plaintiff's prior defense attorney is incompetent and committed malpractice, and that "it's reasonably believed a 'conspiracy theory' of collusion existed to appt. Lowry because conviction & losses of other PCR cases was a <u>certainity</u> [sic] for those prosecutors & Judges."  (Doc. 8, at 1–2.)  Plaintiff also argues that LCF staff are still opening his legal mail outside of his presence.  *Id*. at 2.

Plaintiff argues that although two of the *Younger* factors apply, his state court proceedings are inadequate to address his claims regarding his legal mail.  *Id*. at 7.  Plaintiff claims that the courts in his two state court proceedings "have chosen already to abandon their legal oaths & duties to intervene immediately or ever apparently."  *Id*. at 7.  Plaintiff claims that the state court judges "like many other judges, go extra special to hear Pat Lynn has in good faith peeled the onion to

reveal real horrors practiced by the powers that be . . . justice is a quixotic journey." *Id.* Plaintiff then states that he will agree to a stay of all claims "unrelated to the ongoing unconstitutional legal mail intrusions by LCF EAI & those other state officials (co. attys, D.A.'s etc. statewide)." *Id.* Plaintiff then asks the Court to appoint counsel. *Id.* at 8.

Plaintiff claims that LCF staff are still compromising his legal mail, and that he now has "3 documented instances of unlawful court access denials & violations of his 6th Am. Atty-Client privilege violations." *Id.* at 4. Plaintiff attaches Exhibit A which he claims was not opened in his presence. Plaintiff states that LCF staff told him to simply address his legal mail in his own handwriting to avoid compromising his legal mail. *Id.* at 3. Plaintiff attaches Exhibit A which he claims shows that even if he addresses his legal mail in his own handwriting, the issue persists. *See* Doc. 8–1, at 1. However, Exhibit A is an envelope that contains a notation to "Return to Sender" because the attorney is "no longer at this address." *Id.* In Plaintiff's "Additional Supporting Evidence of Ongoing Intentional 1st, 4th, 6th Amendment Violations with Request for Intervention" (Doc. 9), Plaintiff again attaches another letter addressed to the same attorney and acknowledges that the attorney that the letter was addressed to "is no longer w/the firm he's long worked at & Plaintiff is seeking his new address." (Doc. 9, at 1.) Plaintiff claims that he was soliciting the attorney to take over his state court criminal case. *Id.* Plaintiff asks the Court "to realize at this point he is w/out counsel's professional representation on any of his 3 pending court cases & w/out Pat Lynn's authorized assistance he has zero due assistance for court redress." *Id.*

Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved

either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

Plaintiff has not shown that an exception to *Younger* abstention applies. "With regard to the second factor, 'unless state law clearly bars the interposition of the federal statutory and constitutional claims,' a plaintiff typically has 'an adequate opportunity to raise federal claims in state court.'" *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (quoting *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (brackets and internal quotation marks omitted)). "*Younger* requires only the availability of an *adequate* state-court forum, not a favorable result in the state forum." *Id*. (citing *Moore v. Sims*, 442 U.S. 415, 430, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979) (adequate forum existed when state law posed no procedural barriers to raising constitutional claims)). The Court will stay this case pending resolution of Plaintiff's ongoing state court criminal proceedings. Plaintiff should notify the Court when all of his state court criminal proceedings have concluded.

To the extent Plaintiff seeks the appointment of counsel or a zoom hearing, those requests are denied. *See* Doc. 8, at 7 (requesting a zoom hearing). There is no constitutional right to appointment of counsel in a civil case. *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). "Rather, a court has discretion to *request* an attorney to represent a litigant who is proceeding in forma pauperis" in a civil case. *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added) (citing 28 U.S.C. § 1915(e)(1)). In other words, if this motion is granted, it means only that the Court will request that an attorney volunteer to be appointed to represent

9

Plaintiff at no cost to Plaintiff.  The Court cannot guarantee that an attorney will volunteer.  *See Rachel v. Troutt*, 820 F.3d 390, 396 (10th Cir. 2016) ("Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take a case.").

The decision whether to appoint counsel—meaning to request counsel to provide representation at no cost to Plaintiff—in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel.  *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to request volunteer counsel for Plaintiff, the Court has considered "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115.  The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not yet clarified and may not be complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments.  Thus, the Court will deny the motion without prejudice to refiling if this matter survives screening.

As the state court found in its order, the issues with Plaintiff's legal mail were due to Patrick Lynn drafting his documents and mailing out his envelopes.  The state court has prohibited Patrick Lynn from assisting Plaintiff in his state court proceedings, and Patrick Lynn is subject to filing

10

restrictions in this Court.  Therefore, Patrick Lynn should refrain from drafting or filing any further pleadings in this case.

**IT IS THEREFORE ORDERED** that Plaintiff's motion (Doc. 8) seeking the appointment of counsel is **denied without prejudice.**

**IT IS FURTHER ORDERED** that this matter is **stayed** pending resolution of Plaintiff's pending state court criminal proceedings.

**IT IS FURTHER ORDERED** that on or before **June 30, 2026,** Plaintiff shall file a status report with the Court indicating the status of his state court criminal proceedings.  Plaintiff should notify the Court as soon as his state criminal proceedings have concluded.

**IT IS FURTHER ORDERED** that the Clerk is directed to send a copy of this Memorandum and Order to Patrick Lynn.

**IT IS SO ORDERED**.

**Dated May 29, 2026, in Kansas City, Kansas.**

> **S/  John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**